7 F.3d 225
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
NATIONAL UNION Fire Insurance Company, of Pittsburgh, P.A.,
as assignee and subrogee of Cooper River
Construction, Plaintiff-Appellant,
and Cooper River Construction, by National Union Fire
Insurance Company of Pittsburgh, P.A., Plaintiff,
v.
JOHN F. BEASLEY Construction Company, Defendant-Appellee.
 No. 92-2417.
 United States Court of Appeals,
Fourth Circuit.
 Argued: June 8, 1993.
Decided: September 10, 1993.
 
 Appeal from the United States District Court for the District of South Carolina, at Charleston.
 ARGUED: William Jefferson Leath, Jr., Young, Clement, Rivers & Tisdale, for Appellant.
 William C. Cleveland, Haynsworth, Marion, Mckay & Guerard, for Appellee.
 ON BRIEF: Stephen P. Groves, Young, Clement, Rivers & Tisdale, for Appellant.
 D.S.C.
 AFFIRMED
 Before NIEMEYER and HAMILTON, Circuit Judges, and GARBIS, United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 James A. Ellis, an employee of John F. Beasley Construction Company, was severely injured in November 1989 by a dropped steel beam while working on the crane barge "Hercules" near Charleston, South Carolina. Beasley Construction was a steel-erecting subcontractor to Cooper River Constructors, a joint venture engaged as the prime contractor to construct a bridge as part of I-526 in the Charleston area. The floating crane was being operated by an employee of Cooper River. Ellis and his wife sued Cooper River under the Longshore and Harbor Workers' Compensation Act for damages, and its insurance company, National Union Fire Insurance Company of Pittsburgh, P.A., settled the claim for $543,788. Following the settlement, National Union obtained a written assignment from Cooper River of any claims that it might have against third persons.
 
 
 2
 This action was commenced by National Union as Cooper River's subrogee and assignee against Beasley Construction for the $543,788 settlement amount, alleging that Beasley Construction breached its contract with Cooper River by failing to obtain insurance to protect Cooper River from the liability. The contract between Cooper River and Beasley Construction provided:
 
 
 3
 Subcontractor [Beasley Construction] hereby agrees that before commencing said work it will present to the Contractor acceptable Certificates of Insurance evidencing the maintenance of the following insurance coverages of the Subcontractor, and it will maintain said insurance in force at all times during the performance of any work herein provided for:
 
 
 4
 
 ***
 
 
 5
 2. Comprehensive General Public Liability insurance with bodily injury limits no less than $500,000/$1,000,000 and property damage with a limit of $500,000 per occurrence. The policy shall be specifically endorsed to include Contractor as an Additional Insured.
 
 
 6
 Beasley Construction admitted that it did not comply with this contractual provision in that it failed to list Cooper River as an "Other Insured" on its General Public Liability policy. It argued, however, that this failure was irrelevant to the incident involved here because insurance coverage of the crane was Cooper River's responsibility, not Beasley Construction's, under the contract, and Beasley Construction could have excluded coverage for the Hercules from any policy it obtained without breaching the contract. Beasley Construction based this argument largely on the fact that the contract between the parties explicitly provided that several pieces of construction equipment, including the crane barge Hercules, would be provided by Cooper River at no cost to Beasley Construction, and would be insured at the expense of Cooper River.
 
 
 7
 At trial, it was established that the crane barge was provided by Cooper River and used by Cooper River on some days and by Beasley Construction on others, but it was always operated by a Cooper River employee. When Beasley Construction was using the crane, its employees would signal the Cooper River employee by radio or hand to guide him. Beasley Construction offered evidence that it had been the understanding of the parties that Cooper River was required to provide insurance for the Hercules, and in fact did, and that Beasley Construction was to have no responsibility for insuring it. This contention was supported not only by Beasley Construction's witnesses, but also by the deposition statement of Cooper River's engineering manager that, "It was not our intent for Beasley to insure the Hercules under their policy." The manager repudiated this statement at trial, saying he never had any understanding as to what Beasley Construction's contractual obligations were regarding insurance, other than that they were described in the contract.
 
 
 8
 At the close of evidence the district court denied both parties' motions for judgment and submitted the case to the jury by giving the jury three interrogatories to answer:
 
 
 9
 1. Did the Subcontract require Beasley to provide liability insurance coverage to insure Cooper River Constructors for accidents arising out of the operation of the Hercules?
 
 
 10
 2. Did Cooper River Constructors agree to add Beasley as an additional named insured on all of its liability insurance policies that covered accidents that arose out of the operation of Cooper River's non-marine equipment?
 
 
 11
 3. Is the Hercules a water craft?
 
 
 12
 The jury answered the questions, respectively, "no," "yes," and "yes." In answering the first interrogatory in the negative, the jury found as fact that the contract did not require Beasley Construction to insure the Hercules. Based on this answer, judgment was entered for Beasley Construction and this appeal followed.
 
 
 13
 National Union contends that in submitting these three interrogatories to the jury the court confused the jury and failed thereby to submit questions that would adequately determine the factual issues in the case. It contends that interrogatories two and three were undisputed and need not have been resolved.
 
 
 14
 Because the jury answered no to question one, the answers to questions two and three did not become material. Had the jury answered the first interrogatory differently, however, then questions of law might have arisen relating to the effect of a contract that requires each party to provide insurance coverage for the other and to overlapping coverages. As it turned out, the jury's answer to the first question resolved the litigation.
 
 
 15
 As we have observed, the procedure for submitting special interrogatories to the jury rests with the discretion of the district court. See Great Coastal Express, Inc. v. International Brotherhood of Teamsters, 511 F.2d 839, 845 (4th Cir. 1975), cert. denied, 425 U.S. 975 (1976). In our judgment this discretion was not abused by the district court in this case.
 
 
 16
 National Union also contends that the district court erred in failing to grant it judgment as a matter of law because Beasley Construction admitted that it failed to include Cooper River as an additional insured under its comprehensive general liability policy. While we agree that the record establishes that Beasley Construction failed to include Cooper River as an additional insured under its policy, a breach of that obligation is meaningful only with respect to underlying obligations and responsibilities of the parties. In this case it was the operation of the barge Hercules that resulted in liability. The question that National Union raised in its complaint was whether Beasley Construction breached the contract with Cooper River by failing to provide liability insurance covering this loss. By answering interrogatory one in the negative, thereby establishing there was no obligation to provide such coverage, the jury resolved the question. We cannot conclude that its finding is clearly erroneous.
 
 
 17
 Finally, National Union contends that Beasley Construction breached its contract by including within its insurance coverage a water craft exclusion that eliminated coverage for the barge Hercules. Again, in light of the jury's finding that Beasley Construction had no obligation to provide insurance that would have covered the accident in which Ellis was injured, whether Beasley Construction had a water craft exclusion in its policy is immaterial.
 
 
 18
 Finding no reversible error in the proceedings below, we affirm the judgment of the district court.
 
 AFFIRMED